Anna Doran, Appellee, v. Boston Store of Chicago, Appellant.

Gen. No. 41,249.

Opinion filed December 23, 1940.   Rehearing denied January 6, 1941.

ABRAHAM B. LITOW, of Chicago, for appellant.

RICHARD B. TRUITT and SEAGO, BRADLEY & VETTER, both of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal defendant seeks to reverse a judgment entered on the verdict of a jury for $2,500 in a personal injury case.

The record discloses that defendant conducts a large department store located at State, Madison and

Dearborn streets, Chicago; that about 2 o'clock on the afternoon of February 23, 1938, plaintiff, who had been shopping in the store, started to walk up a stairs of four steps located between the balcony and the second floor of the store and as she was doing so slipped, fell and sustained a fracture of the right wrist. The stairway was six feet three-fourths inches wide; each step five and one-half inches high; each tread twelve and one-half inches wide.

Plaintiff testified, "I was going up those stairs and I slipped and fell. When I was falling I grasped for the railing and I found the railing wasn't there and just went down. . . . There was no handrail there. I went to reach for one and discovered there wasn't any. It was afterwards that I went to grasp for it and it was not there. I did not notice that fact before I started up the stairs. I was walking about a foot from the right hand side of the wall, going up." On cross-examination, "I did not measure how close to the wall I was, except that I was close. I was not brushing it, but I was very close, as I am in the custom of walking close."

Helen Carye and Eve Stewart were the only other occurrence witnesses. Helen Carye, called by defendant, testified that on the day of the accident she was employed by defendant in the washroom, located near the head of the stairway in question, "And when I saw this lady [plaintiff] walking up, I saw her fall all at once. She fell on both her hands. She fell on the top step, . . . almost in the middle of the step. . . . I helped pick her up" Eve Stewart, a witness called by defendant, testified that on the day of the accident she was a "cosmetic demonstrator" in the salon for Elmo, at the Boston Store. "I was not working for the Boston Store. . . . I was exhibiting Elmo products. I saw a lady fall on the stairway near my counter. I was facing the steps, . . . I noticed her particularly because she was rather attractive, and I thought, 'My,

what a nice looking woman,' and as I was watching her come up she reached the steps and seemed to take the first step, and then fall. She was walking up the steps and fell up. She fell just slightly off the center. I reached out to pick her up." Photographs of the stairs in question were introduced in evidence and are in the record before us.

The basis of plaintiff's claim is the failure of defendant to construct and maintain a handrail as required by an ordinance of the city of Chicago. The section of the ordinance is found in the Revised Chicago Code, 1931, § 1641 (j) and is as follows: "Stairways which are less than three feet three inches wide shall have not less than one handrail, and stairways which are more than three feet three inches wide shall have not less than two handrails. Stairways which are over eight feet wide shall have double intermediate handrails with end newel posts at least five and one-half feet high at all stair landings."

Plaintiff's theory of the case, as we understand it, is that whether plaintiff was in the exercise of due care and whether defendant was negligent in not having a handrail on the stairs in question was the proximate cause of plaintiff's injuries, were questions of fact for the jury.

Defendant contends the court erred in refusing to permit it to file an additional answer on the day the case went to trial, in which it sought to set up that the ordinance in question did not apply to defendant's building because the building was constructed prior to the passage of the ordinance; that the building was constructed in 1906–7, and the ordinance is found in the Chicago Code of 1931. When the ordinance was passed does not appear from the code. The authors of the code certify that it contains the general ordinances of the city in force May 27, 1931, but it is not stated when the several ordinances were passed. If this ordinance was a re-enactment of a prior ordinance

it is to be regarded as a continuation of the existing ordinance and not as the enactment of a new ordinance. (*City of Altamont v. Baltimore & O. R. R. Co.,* 348 Ill. 339.)

Plaintiff sought to offer an ordinance on the question of stairways which, it was contended, went into effect before defendant's store was constructed but the court was of opinion such evidence was unnecessary. But even if we assume that the ordinance became effective in 1931 and defendant's building was constructed in 1906–7, it would avail defendant nothing for the reason that the ordinance found in the code of 1931 in reference to stairways, of which this court takes judicial notice (par. 48a, ch. 51, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.122]) provides: (Art. II, § 1200, par. (p).) ''In class VII shall be included every building used for the sale at retail of dry goods and other articles of general merchandise and commonly known and described as a department store.'' And par. (b), § 1639, ch. 27, which has to do with stairways provides: ''Except as otherwise expressly provided in this article, it shall be unlawful to construct or maintain any building or structure of classes I, II and VII unless its stairway or stairways comply with the following provisions:'' And par. (j), § 1641, above quoted, which requires a handrail at each side of the stairway in question.

In *DeWolf v. Marshall Field & Co.,* 201 Ill. App. 542, which was a suit to recover for personal injuries, we held that although Field's store was constructed in 1902 and the ordinance in reference to stairways requiring handrails was found in the code of 1911, and plaintiff in that case was injured July 1, 1912, Field's was required to see that there were handrails on the stairways and that the ordinance applied to ''all such stairways built or to be built.''

In the instant case we hold the ordinance in question required defendant to maintain a handrail at

each side of the stairway in question and therefore the defense sought to be interposed by the offered amended answer was unavailing and the court did not err in denying defendant's motion.

We have above stated the substance of the evidence as to how the accident happened and we think whether plaintiff was in the exercise of due care and defendant negligent in failing to have handrails on the stairway, and whether such failure was the proximate cause of plaintiff's injury, were questions for the jury.

The question of contributory negligence, as a general proposition, is one of fact for the jury and only becomes one of law when the evidence clearly establishes that the accident resulted from the negligence of the injured party. If there be any difference of opinion on the question so that reasonable minds may not arrive at the same conclusion, then it is a question of fact for the jury. *Louthan v. Chicago City Ry. Co.*, 198 Ill. App. 329; *Kelly v. Chicago City Ry. Co.*, 283 Ill. 640. The same rule is applicable in determining whether the claimed negligence is the proximate cause of the injury complained of. *Maskaliunas v. Chicago & W. I. R. R. Co.*, 318 Ill. 142.

Defendant contends the court erred in giving instructions 1 and 4 at plaintiff's request and in refusing defendant's tendered instructions 1, 2 and 3.

By instruction 1, submitted by plaintiff, the jury were told "The defendant, Boston Store, owed the plaintiff as a customer in its store a duty to keep and maintain its stairways and premises in a reasonably safe condition, and to provide handrails as were required by the ordinances of the City of Chicago." In support of this objection it is said that the instruction was peremptory—"an abstract proposition of law," and told the jury to find for plaintiff "merely on the violation of an ordinance." The instruction was not peremptory; it did not direct a verdict. The instruction must be considered as one of a series.

The court at defendant's request gave an instruction: ''The Court instructs the jury that the fact that there was not a handrail on the stairs in question does not mean that you must find for the plaintiff. You must find that the lack of a handrail was the proximate cause of the accident, and if you find from the evidence that the failure of the defendant to provide a handrail was not the proximate cause of the injury to the plaintiff, then your verdict must be for the defendant.'' Whatever error, if any, there was in giving plaintiff's instruction 1, it was cured by the instruction just quoted. The facts in the case were simple and easily understood. The basis of the suit was the violation of the ordinance by defendant in failing to erect a handrail and the jury were clearly told that although there was a violation of the ordinance by defendant, plaintiff could not recover unless the jury found that the failure to have a handrail was the proximate cause of plaintiff's injury. We think the jury were in no way misled.

Instruction 4, given at plaintiff's request, advised the jury how they would arrive at the amount of damages in case they found for plaintiff. It is a stock instruction given in many cases. The complaint to the instruction is that if plaintiff suffered any damages, as shown by the evidence to be a direct result of the accident, ''such damages should be awarded, without setting forth the duty of plaintiff to exercise care.'' We think there is no merit in this contention. The jury were told in other instructions a number of times that before plaintiff could recover they must find she was in the exercise of due care for her own safety.

By defendant's refused instruction 1, of which complaint is made, it was sought to have the jury instructed on the question of damages. It is said the tendered instruction was proper and ''that there could be no recovery unless the alleged negligence was the proximate cause of the accident.'' We think there

was no error in the refusal of the court to give the instruction because the jury were told specifically that plaintiff could not recover unless the failure to have the handrail on the stairway was the proximate cause of the injury, and the term "proximate cause" was defined to the jury by another instruction given at defendant's request.

By instruction 2, defendant sought to have the jury told that while the law permitted plaintiff to testify in her own behalf, they had the right, in weighing her evidence, to take into consideration the fact that she was the plaintiff and interested in the result of the suit; and that the burden of proof was not upon defendant to show that it was not guilty of either of the specific acts charged in the complaint, but the burden was on plaintiff to prove by the preponderance or the greater weight of the evidence that defendant was guilty as charged. The second paragraph of that instruction was covered a number of times by other instructions and therefore it was not error to refuse it. While the court might well have given the first paragraph of the instruction, we think the failure to do so was not reversibly erroneous in view of the fact that the issue involved was simple and easily understood.

Defendant's refused instruction 3 was to the effect that it was not sufficient to entitle plaintiff to recover to show a negligent breach of duty by defendant but that it devolves upon plaintiff to show further that such breach of duty was the proximate cause of the injury. This instruction was covered by others.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT and McSURELY, JJ., concur.