WILLIAM G. REXROAT, Plaintiff-Appellant, v. DONALD DEVINE *et al.*, Defendants-Appellees.

Third District   No. 3—86—0340

Opinion filed June 23, 1987.—Rehearing denied July 31, 1987.

William G. Rexroat, of Colchester, for appellant, *pro se.*

William H. Knuppel, of Boggs, Knuppel & Krebaum, P.C., of Havana, for appellee Donald Devine.

Howard Snowden and James H. Snowden, both of Snowden & Snowden, of Quincy, for appellee Sarah Hotchkiss.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff, William G. Rexroat, brought an action to recover damages for personal injuries he allegedly received in an automobile accident with defendants, Donald Devine and Sarah Hotchkiss. Following a jury trial, judgment was entered in favor of defendants. Plaintiff appeals.

The plaintiff argues several issues in his *pro se* appeal: (1) that the plaintiff was free from contributory negligence as a matter of law and the defendants were negligent as a matter of law; (2) that the verdict was against the manifest weight of the evidence; (3) that the verdict was inadequate and bears no relationship to the loss suffered by the plaintiff; and (4) that the plaintiff was prejudiced before the jury by improper questions asked by defense counsel during cross-examination.

On July 13, 1983, at about 2:30 p.m., the plaintiff approached the intersection of East Jackson Street and Prairie Avenue in Macomb, Illinois. The plaintiff was traveling eastbound on Jackson Street when he stopped his vehicle behind several other vehicles which had stopped because of a red light. It was raining fairly hard at the time and the plaintiff had only one passenger, Carl Johnson.

While plaintiff waited for the light to change, his vehicle was hit in the rear end by a vehicle driven by defendant, Donald Devine. The plaintiff testified that he was thrown back against the seat and his neck went back over the seat. While recovering from the first hit, plaintiff testified that his vehicle was hit a second time and his neck was thrown back over the seat again. The plaintiff did not see Devine's vehicle strike his vehicle but felt two hits which were two or three seconds apart.

The defendant, Donald Devine, testified that after he turned on to East Jackson Street he noticed that the light was red and that three or four cars were stopped at the light. As he proceeded to stop behind the plaintiff's car, Devine noticed another vehicle approaching from behind which was driven by co-defendant Sarah Hotchkiss. Devine stated that the street was wet and when Hotchkiss applied her brakes her car proceeded to slide into the back of his car which in turn caused his car to slide into plaintiff's car.

Codefendant, Sarah Hotchkiss, testified that she was two to three car lengths behind Devine's car when she observed Devine's brake lights going on, his car skidding, and then crashing into the back of plaintiff's car. Hotchkiss stated that when she applied her brakes her car proceeded to slide into Devine's car, which forced Devine's car back into plaintiff's car again. Hotchkiss initially testified that it was about 10 to 15 seconds between the time she observed Devine's car strike the plaintiff's car and when she struck the back of Devine's car; but after further questioning concluded that she really was not sure.

The plaintiff first argues that he was free from contributory negligence and that the defendants were negligent as a matter of law.

Plaintiff argues that the testimony of the plaintiff, his passenger Carl Johnson, and codefendant Sarah Hotchkiss completely refutes Devine's version of how the accident occurred. Plaintiff contends that if Devine had initially stopped his car less than a foot from the rear bumper of plaintiff's car, and was then struck by the Hotchkiss vehicle, the plaintiff and his passenger would have experienced only one hit, and not the two hits which they testified they experienced.

■■■ The defendants do not contend that the plaintiff was guilty of contributory negligence and the evidence is uncontroverted that plaintiff was stopped at a red light when his car was hit. Therefore, the issue of plaintiff's contributory negligence is not in dispute in this case. Plaintiff's claim that the defendants were negligent as a matter of law is misplaced. The testimony concerning who was responsible for the initial contact with plaintiff's car was conflicting; therefore, that question was properly before the jury. Even assuming, however, that one or both of the defendants were negligent in striking plaintiff's vehicle, plaintiff still had to prove that their negligence was a proximate cause of his injuries and that he had suffered a compensable injury. See *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 433 N.E.2d 1350.

■ Plaintiff next argues that the verdict was against the manifest weight of the evidence. Plaintiff contends that his claim that he was injured as a result of the collision was supported by the testimony of two doctors who both concluded that the plaintiff suffered permanent injuries to his neck. The defendants argue that there was substantial evidence to support the jury's verdict and that plaintiff's own witnesses contradicted his claim that he had no prior injuries to his neck.

The jury in the case at bar returned a verdict in favor of the defendants and against the plaintiff. A review of the record reveals that there was sufficient evidence to support the jury's finding. Plaintiff's car was pushed forward only a very short distance. The jury examined plaintiff's automobile as well as photographs of the vehicle. The records of plaintiff's main doctor, Dr. Jordan, contradicted plaintiff's claim that he had no prior problems with his neck. Dr. Stephens, who was also a plaintiff's witness, testified that he treated the plaintiff for neck pain several times in the two months prior to the accident. Thus, even if the plaintiff had legitimate complaints concerning his neck, those problems could have been present prior to the accident at issue in this case. We find that there was sufficient evidence to support the jury's finding that the defendants were not liable for plaintiff's alleged injuries.

██ The plaintiff also argues that the trial court abused its discretion in denying his post-trial motion for a new trial. Plaintiff argues his motion for a new trial should have been granted because the jury's verdict was inadequate and bears no relationship to the loss suffered by the plaintiff. The granting of a motion for a new trial is a matter of discretion for the trial court. (*Doubet v. Morgan* (1984), 122 Ill. App. 3d 431, 461 N.E.2d 62.) A trial court should set aside a verdict and order a new trial only if it finds that the verdict is contrary to the manifest weight of the evidence. (*Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32.) Since we have already determined that there was sufficient evidence to support the jury's verdict we hold that the trial court did not err in denying plaintiff's motion for a new trial.

██ █ The plaintiff's last contention is that he was prejudiced by the use of a discovery deposition and by improper questions asked during cross-examination. The plaintiff argues that questions asked by defense counsel pertaining to his prior accidents, his work history, and other lawsuits he was involved in prejudiced him before the jury.

Generally, in order to preserve an issue for review a party must make an objection in the court below and failure to object constitutes a waiver of the right to raise the issue on appeal. (*Brown v. Timpte, Inc.* (1985), 137 Ill. App. 3d 1053, 485 N.E.2d 488.) A review of the record reveals that plaintiff failed to raise these objections in the trial court below and therefore has waived them on appeal. Plaintiff did object to the question regarding other pending lawsuits he was involved in; however, he failed to include that objection in his post-trial motion and hence has also waived that issue. See *Hollembaek v. Dominick's Finer Foods, Inc.* (1985), 137 Ill. App. 3d 773, 484 N.E.2d 1237.

Assuming, *arguendo*, we were to consider plaintiff's objections we would find that they are without merit. The questions concerning plaintiff's prior use of a cervical collar and other medical problems were proper because they were relevant to plaintiff's physical condition. The question regarding other pending lawsuits was objected to and withdrawn before any lawsuits were discussed and we fail to see the prejudicial effect of that question.

For the foregoing reasons, we affirm the judgment of the circuit court of McDonough County.

Affirmed.

HEIPLE and SCOTT, JJ., concur.