MICHAEL CHMIELEWSKI, Plaintiff-Appellant, v. GEORGE KAHLFELDT, Defendant (Oliver Steinhaus et al., Defendants-Appellees and Third-Party Plaintiffs; Joseph Gudlin et al., Third-Party Defendants-Appellees).

Second District   No. 2—91—1013

Opinion filed December 9, 1992.

Paul B. Episcope and Thomas D. Fazioli, both of Chicago, for appellant.

Jon Yambert, of Lindner, Speers & Reuland, P.C., of Aurora, Alfred S. Vano and Paul O. Watkiss, both of Leahy, Eisenberg & Fraenkel, Ltd., of Chicago, and Rooks, Pitts & Poust, of Wheaton, for appellees.

JUSTICE NICKELS delivered the opinion of the court:

Plaintiff, Michael Chmielewski, appeals from an order of the circuit court of Du Page County which granted summary judgment for

defendants, Oliver and Bertha Steinhaus, and third-party defendants, Joseph and Marjorie Gudlin, on plaintiff's complaint for personal injury. Plaintiff's affidavit was also ordered stricken. On appeal, plaintiff claims the trial court improperly struck his affidavit and that a question of fact exists as to whether the alleged defective condition of the stairs was a contributing proximate cause of plaintiff's injuries.

Facts gleaned from the depositions and exhibits show that plaintiff and his mother, Margaret Chmielewski, attended a picnic at the home of Oliver and Bertha Steinhaus on July 4, 1985. The Steinhauses lived at 9020 Lemont Road in Downers Grove, Illinois. While being chased by a German shepherd dog, later determined to be owned by the Gudlins, plaintiff fell on the Steinhauses' concrete steps and injured his knee. Plaintiff is a mentally challenged adult who completed educable mentally handicapped (EMH) classes. When he completed his education, he was at about the third-grade level. Plaintiff has never been declared legally incompetent.

On November 19, 1986, plaintiff filed a complaint against George Kahlfeldt and Oliver and Bertha Steinhaus. In count I plaintiff alleged certain violations of the Animal Control Act (Ill. Rev. Stat. 1983, ch. 8, pars. 365, 366) by Kahlfeldt as the owner of a German shepherd dog alleged to have attacked and injured plaintiff on July 4, 1985. The second count directed against the Steinhauses alleged that they negligently allowed the dog to roam unescorted and without control on their property. Subsequently, Steinhauses filed a third-party complaint against Joseph and Marjorie Gudlin alleging that the Gudlins owned the dog and seeking contribution.

Kahlfeldt filed a motion for summary judgment on September 26, 1989, on the basis that his dog was not the animal involved in the incident. The motions included the depositions of plaintiff taken on December 14, 1988, and plaintiff's mother, Margaret Chmielewski, taken on April 4, 1989. Steinhauses filed a motion for summary judgment on October 11, 1989.

Plaintiff was allowed to file an amended complaint on December 18, 1989. Count I again alleged violations of the Animal Control Act by Kahlfeldt. Count II now alleged violations of that act by the Steinhauses. Count III sounded in negligence against the Steinhauses in that they failed to maintain adequately the stairs by allowing loose concrete to remain on them and failed to provide handrails by the stairs.

Since the motions for summary judgment were only filed on counts I and II, the trial court granted summary judgment for Kahlfeldt and Steinhauses on those counts. Plaintiff appealed. In a

Rule 23 order (*Chmielewski v. Kahlfeldt* (2d Dist. 1991), No. 2—90—0150 (unpublished order under Supreme Court Rule 23)), this court affirmed the order granting summary judgment for Kahlfeldt and Steinhauses on counts I and II.

Steinhauses filed a third amended third-party complaint against the Gudlins. Count I alleged negligence by Gudlins in allowing their dog to injure plaintiff. Count II alleged violations of the Animal Control Act. Pursuant to Gudlins' motion to dismiss, the court dismissed count II. Count I was allowed to stand, and Gudlins filed an answer on July 12, 1990, admitting ownership of the dog.

On July 1, 1991, Gudlins filed a motion for summary judgment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005.) Gudlins sought summary judgment based on the depositions of plaintiff and Margaret Chmielewski and argued that the Steinhauses owed no duty to plaintiff and that the stairs were not the proximate cause of plaintiff's injuries but merely a condition. Steinhauses were allowed to join in this motion for summary judgment on July 3, 1991.

Plaintiff filed a response to the motion for summary judgment. The response included an affidavit by plaintiff. The affidavit provided that, after the dog pushed plaintiff, he started to lose his balance, but plaintiff continued to run up the Steinhauses' stairs. When plaintiff's foot went onto a stair, he felt it slip on the loose gravel. As he continued to fall, plaintiff reached out for something to prevent him from falling onto the steps, but there was nothing there. In the last paragraph, plaintiff stated that he believed he hit his knee due to a combination of facts, *i.e.*, running away from the dog; the dog pushing plaintiff making him begin to lose his balance; the loose gravel on the stair making his foot slip; and that plaintiff could not stop the fall by grabbing any handrails.

Gudlins filed a motion to strike the affidavit of plaintiff on the ground that it contradicted facts he had testified to in his deposition. A hearing was held on August 7, 1991, and the motion to strike plaintiff's affidavit was granted. Defendants' (Steinhauses) and third-party defendants' (Gudlins) motion for summary judgment was also granted. The third amended third-party complaint for contribution was found moot. Plaintiff filed a timely notice of appeal.

■ We first address plaintiff's contention that the trial court erred in striking his affidavit filed in response to defendants' and third-party defendants' motion for summary judgment. A party may not create a genuine issue of material fact by taking contradictory positions, nor may he remove a factual question from consideration just to raise it anew when convenient. (*Van's Material Co. v. Department*

of *Revenue* (1989), 131 Ill. 2d 196; *Hansen v. Ruby Construction Co.* (1987), 155 Ill. App. 3d 475.) Admissions at pretrial depositions which are so deliberate, detailed and unequivocal, as to matters within the party's personal knowledge, will conclusively bind the party-deponent, and he will not be heard to contradict the admissions at trial. (*Van's Material Co.*, 131 Ill. 2d at 212-13; *Young v. Pease* (1983), 114 Ill. App. 3d 120.) The judicial policy behind this rule, which is well accepted in summary judgment cases, is that once a party has given sworn testimony he should not be allowed to change his testimony to avoid the consequences of his prior testimony. *Commonwealth Eastern Mortgage Co. v. Williams* (1987), 163 Ill. App. 3d 103, 109.

■ Plaintiff claims that defendants did not direct the trial court to an actual clear and unequivocal contradiction in plaintiff's deposition. In support of this statement, plaintiff points out that during the hearing on the motion to strike the affidavit defendants misstated some of the actual questions asked of plaintiff during his deposition. Plaintiff did not object during the hearing to defendants' representation of what the deposition contained, and, therefore, any issue he is attempting to raise thereto is waived. (*Rexroat v. Devine* (1987), 157 Ill. App. 3d 284.) Furthermore, defendants' motion for summary judgment as well as plaintiff's response thereto contained pertinent excerpts from plaintiff's deposition so that the trial court was fully aware of the actual questions posed.

At the time plaintiff's deposition was taken, his complaint was based upon violations of the Animal Control Act by Kahlfeldt as owner of the dog alleged to have injured plaintiff and upon the Steinhauses' negligence with respect to Kahlfeldt's dog. Plaintiff correctly points out that he amended his complaint to add count III, premises liability, prior to the trial court's and appellate court's ruling on counts I and II. However, the amendment to the complaint was made after Kahlfeldt filed a motion for summary judgment based on the fact that his dog was not the dog that injured plaintiff. Plaintiff's deposition was taken by Kahlfeldt's attorney and Kahlfeldt is no longer a party to this action.

■ Defendants first respond that the trial court properly struck the affidavit because plaintiff did not sign it. While defendants acknowledge this issue was never raised before the trial court, the record copy shows the affidavit was not signed. Plaintiff's statement recites that "I, Michael Chmielewski, having been sworn upon oath state." Plaintiff's name appears as the person who took the oath and is an affidavit despite his lack of signature. *Manuel v. McKissack* (1978), 60 Ill. App. 3d 654.

■ In determining whether plaintiff's statements were so unequivocal and deliberate to preclude explanation or contradiction by way of affidavit, we are required to consider his entire deposition, not just isolated portions of it. (*Schmall v. Village of Addison* (1988), 171 Ill. App. 3d 344.) Plaintiff's statements must be given a meaning consistent with the context in which they are found. (*Schmall*, 171 Ill. App. 3d at 348-49.) The question of equivocalness is a question of law when considering a motion for summary judgment. (*Hansen*, 155 Ill. App. 3d at 480.) After reviewing plaintiff's entire deposition, we find that plaintiff's testimony was unequivocal and direct in that he fell on the stairs because the dog pushed him. Some relevant parts of plaintiff's testimony are as follows:

"Q. [Attorney]: And the dog is chasing you at that point?

A. Yes.

Q. Then what happened?

A. Then I ran towards the stairs.

Q. The stairs on the Steinhaus' home?

A. Yes.

\* \* \*

Q. Do you remember what kind of stairs they were?

A. Like regular concrete stairs.

Q. Concrete stairs. They weren't wood stairs; they were concrete stairs?

A. Right, concrete stairs.

\* \* \*

Q. Then what happened?

A. The dog pushed me under the stairs.

Q. The dog pushed you?

A. Yes.

Q. Where did the dog push you from? The back?

A. Yes.

\* \* \*

Q. And where were you in relation to the stairs when the dog pushed you?

A. A few feet away from the stairs.

Q. Did you feel the dog push you?

A. Yes.

Q. Did he push you—How would you describe how he pushed you?

A. Hard.

\* \* \*

Q. Then what happened after you felt the dog push you with his nose?

A. Then I fell on the stairs.

\* \* \*

Q. So the dog pushes you, and you are about three feet away from the stairs?

A. Yes.

Q. And you continue to run?

A. Yes.

Q. Then you fell on the steps, correct?

A. Yes.

Q. And you hit your knee?

A. Yes.

Q. On one of the steps?

A. Yes.

\* \* \*

Q. When you fell on the third step, the dog had not pushed you on that third step?

A. Right.

Q. Do you know how you fell on that third step?

A. The dog pushed me. I think so. I don't know.

Q. Did you lose your balance?

A. Yes.

Q. Did your foot slip off the step?

A. Yes.

Q. The dog pushing you from a few feet away, did that cause you to lose your balance?

A. Yes."

■ Plaintiff's deposition testimony shows that the dog caused him to fall on the stairs. While plaintiff first indicates that he does not know why he fell on the third stair, he then clarifies that statement by stating that his foot slipped off the stair because he lost his balance, and he lost his balance because the dog pushed him. He earlier indicated that the dog pushed him, and he fell on the stairs. Plaintiff also indicated that the stairs were "ordinary concrete stairs." Plaintiff's subsequent affidavit which provides that he slipped on gravel on the stairs and reached out for something to prevent him from falling contradicts his deposition testimony and does not merely supplement or clarify it. The affidavit was properly stricken.

Plaintiff contends that Kahlfeldt's attorney did not take an exhaustive deposition and points out that parties (Gudlins) who were not

even parties at the time the deposition was taken sought to use the deposition to their advantage. Plaintiff claims that if this court accepts third-party defendants' argument, it would have the effect of precluding amendments to a complaint to add new liability theories after a deposition is taken. Plaintiff has cited no authority for his suggestion that only parties at the time a deposition is taken may use a deposition in a motion for summary judgment. It was proper for the Gudlins to rely on plaintiff's deposition. Nor do we believe that our finding will preclude amendments to complaints, but merely has the effect that any amendment raise an issue of material fact regarding any new theory of liability based on the evidence.

■ We also note that plaintiff was asked several questions and allowed to clarify his responses regarding the circumstances of his fall. His attorney was present and did not seek to supplement or clarify plaintiff's responses as to any additional circumstances. (See generally *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1979), 71 Ill. App. 3d 562.) Furthermore, while plaintiff's attorney stated at the beginning of the deposition that plaintiff's competency was not being conceded and it was their position that plaintiff was not competent, plaintiff never raised an objection to the trial court concerning plaintiff's competency. Any objection to plaintiff's competency is therefore waived. (See *Krilich v. Millikin Mortgage Co.* (1990), 196 Ill. App. 3d 554.) The record shows that plaintiff was never declared legally incompetent. And, after examining plaintiff's entire testimony, we find he was not confused as to the reason he believed that he fell on the stairs. While plaintiff cites to *Young* (114 Ill. App. 3d 120), wherein the facts referred to the deponent's nervousness and likely confusion in being a deponent, the reviewing court's discussion and holding do not rest on the issue of deponent's competency. *Cf. Olesker's Exciting World*, 71 Ill. App. 3d 562 (wherein the appellate court found the deponent was not confused).

■ Next, plaintiff contends that without his affidavit there is a question of fact whether the loose gravel on the steps and/or the lack of handrails were contributing causes of plaintiff's injuries. He argues that the trial court had to ignore his deposition testimony that his foot slipped and his mother's deposition testimony that there was loose gravel on the steps and no handrails. Plaintiff claims the trial court had to interpret the testimony to exclude other causes which could have contributed to the fall. Plaintiff asserts that the lack of handrails always presents a factual issue of proximate cause for a jury, citing *Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, *Murphy v. Messerschmidt* (1977), 68 Ill. 2d 79, *O'Donnell v. Barach*

(1953), 1 Ill. App. 2d 157, and *Doran v. Boston Store* (1940), 307 Ill. App. 456.

The purpose of summary judgment is not to decide issues of fact but to determine whether any genuine issue of fact exists. (*Commonwealth Eastern Mortgage Co. v. Williams* (1987), 163 Ill. App. 3d 103, 108.) A motion for summary judgment can only succeed "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) A court of review will not reverse an order granting summary judgment unless it finds that a material question of fact is present and the moving party is not entitled to judgment as a matter of law. (*Williams*, 163 Ill. App. 3d at 108.) Absent affirmative and positive evidence that a defendant may have proximately caused a plaintiff's injuries, a plaintiff fails to establish the existence of a genuine issue of material fact. (See *Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 293; *Kennedy v. Joseph T. Ryerson & Sons, Inc.* (1989), 182 Ill. App. 3d 914, 918.) Liability cannot be established where the cause of the injury is shown by surmise or conjecture. *Kennedy*, 182 Ill. App. 3d at 918.

Margaret Chmielewski observed the incident. In her deposition, which was consistent with plaintiff's on this point, she testified that the dog jumped on plaintiff's legs before plaintiff was on the stairs. Plaintiff "kind of stumbled" when the dog jumped on him and plaintiff went up the stairs. Margaret Chmielewski said there was loose gravel on the stairs and no handrails; however, there is no evidence from her testimony that these conditions were the proximate cause of plaintiff's injuries.

Plaintiff testified that the dog pushed him and he fell on the stairs. Plaintiff indicated at first that he did not know why he fell on the third stair. Based on this statement, even if there was some defect with the stairs, plaintiff could not show that any defect caused him to fall. Liability cannot be predicated upon surmise or conjecture as to the cause of the injury, but proximate cause can only be established when there is a reasonable certainty that defendants' acts caused the injury. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813; see *Kennedy*, 182 Ill. App. 3d at 919.

While plaintiff points out that plaintiff's foot slipped off the third stair, it is apparent from plaintiff's deposition that it did not slip due to loose gravel or the absence of handrails. Plaintiff said that he lost his balance and his foot slipped. He said he lost his balance because the dog pushed him. No genuine issue of material fact was presented

regarding the proximate cause of plaintiff's fall, and, therefore, summary judgment for defendants was proper. (See *Gatlin*, 137 Ill. 2d at 293.) This conclusion is not based upon two questions asked of plaintiff during his deposition as plaintiff suggests, but is based on all the evidence found in the depositions.

Plaintiff claims that the lack of handrails always presents a factual issue of proximate cause citing to *Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425. In *Kalata* the plaintiff testified in a bench trial that another individual exiting before him used the left handrail because there was no right handrail. The plaintiff testified that then he took two steps across the icy stoop in order to reach the left handrail and fell as he took the two steps. Although the supreme court found that the purpose of handrails was to prevent falls down a stairway, it made that finding regarding the purview of the ordinance in issue which required handrails. Defendants herein distinguish *Kalata* on the basis that plaintiff did not allege an ordinance violation in his complaint. While plaintiff claims that defendants have waived this point because they did not move to strike plaintiff's allegations or raise this point below, defendants have properly distinguished a case relied upon by plaintiff on appeal from the facts of this case. In any event, this argument concerns the negligence of the *Kalata* defendant when the distinction between *Kalata* and this case involves proximate cause.

The supreme court in *Kalata* found that the trial court could reasonably infer from the evidence that the absence of a right handrail resulted in the plaintiff taking the two steps which led to his fall. (*Kalata*, 144 Ill. 2d at 438.) The court noted that the trial court's remark that "we can't know what the plaintiff would do" if a right handrail had been available was merely an acknowledgement of the court's inherent inability to recreate all the circumstances of the prior incident. (144 Ill. 2d at 438.) Unlike *Kalata*, there is no evidence in this case that would support a reasonable inference that the lack of a handrail was a proximate cause of plaintiff's fall. To the contrary, the evidence showed that the dog was the proximate cause of plaintiff's fall.

In *Murphy v. Messerschmidt* (1977), 68 Ill. 2d 79, the supreme court found that the appellate court erred in finding the lack of handrails was not a cause of the plaintiff's fall. The appellate court had interpreted the evidence to reach its conclusion that a verdict should have been directed for the defendant on the basis of proximate cause. The plaintiff had testified that both of her hands were filled with something when she fell and "apparently" made no attempt to grasp the posts next to the steps. (*Murphy v. Messerschmidt* (1976), 41 Ill.

App. 3d 659, 664.) The supreme court found the appellate court interpreted the evidence to determine that the severity of the rain caused the accident when these were questions of fact for the jury. Unlike *Murphy*, plaintiff's deposition testimony not only failed to describe any attempt to grasp for a handrail, but established that the actions of the dog caused plaintiff's fall. The evidence before the trial court did not have to be "interpreted" and raised no question of material fact to require a jury determination on proximate cause.

Plaintiff also cites to *O'Donnell v. Barach* (1953), 1 Ill. App. 2d 157, and *Doran v. Boston Store* (1940), 307 Ill. App. 456. These cases were cited by the *Murphy* court. (*Murphy*, 68 Ill. 2d at 87.) In *O'Donnell* there was evidence that as the plaintiff fell she reached for something to hold but there were no handrails. *Doran* also contained testimony by the plaintiff that as she was falling, she grasped for a railing but there was no railing. In each case there was evidence from which a factual question of proximate cause was presented. We note that in *Morton v. F.B.D. Enterprises* (1986), 141 Ill. App. 3d 553, the appellate court reversed a jury verdict for the plaintiff which was based on the negligence of the defendant. The plaintiff had fallen when she was struck by another patron when the patron fell down some stairs. The patron testified that she believed she fell because the top step was too heavily carpeted. She testified that there was no handrail, but she did not at any time indicate that the absence of the railing contributed in any way to her fall. The reviewing court concluded that based on the evidence there was no relationship shown between the defendant's conduct (there were other aspects of this conduct in question as well) and the patron's fall, which in turn caused the plaintiff's fall. The plaintiff failed to establish a *prima facie* case due to her failure to establish causation. *Morton*, 141 Ill. App. 3d at 560.

The mere fact that Margaret Chmielewski testified in her deposition that there were no handrails by the stairs did not present a factual issue of proximate cause to be determined at a trial under the facts of this case. Plaintiff's testimony established that he fell due to the actions of the dog and never indicated that the absence of handrails, or loose gravel, contributed in any way to his fall.

Based on the foregoing reasoning, the judgment of the circuit court is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.