ELIZABETH BELLERIVE, Plaintiff-Appellant, v. HILTON HOTELS CORPORATION, d/b/a The Palmer House, Defendant-Appellee.

Second District   No. 2—92—0774

Opinion filed June 18, 1993.

Heidi J. Aavang and Robert J. Masini, both of Diver, Grach, Quade & Masini, of Waukegan, for appellant.

Edward M. Rubin, Thomas H. Fegan, and Mindy Kallus, all of Johnson & Bell, Ltd., of Chicago, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Elizabeth Bellerive, appeals the order of the circuit court of Lake County granting summary judgment to defendant, Hilton Hotels Corporation. The issue on appeal is whether plaintiff identified with sufficient specificity the cause of her slip-and-fall injury.

Plaintiff filed a complaint in which she alleged she fell while walking down the stairs of the Palmer House, a hotel operated by defendant. Plaintiff alleged defendant was negligent because it failed to maintain adequate lighting over the stairwell; failed to provide adequate traction on the stair surfaces; failed to provide a continuous handrail; and failed to maintain the structure of the stairs by allowing them to become deformed and bowed.

Defendant deposed plaintiff and used her testimony to support its motion for summary judgment. Plaintiff did not notice any debris on the steps but noticed the steps were old and the rubber strips on the steps were old. She stated the steps were not level and not well lit. She cautiously descended the staircase but fell on the second or third step from the bottom. Plaintiff did not see any difference between these two steps and the higher steps. Although the left-hand side handrail was not continuous, she held onto it with her left hand, and thus she was close to the side of the stairs. Plaintiff was looking down

as she stepped down from the third step. She felt that her foot was not quite level. However, at the deposition she could not draw an "X" on the spot of the photograph of the stairs corresponding to the place where the step was uneven. She did not know exactly what spot her foot was on as she fell and could tell only what she felt. She fell forward and landed on her stomach. Although she held the rail, gravity pulled her down. She also stated:

"Q. [Defense counsel]: So you are saying it was so slick that it forced you to fall forward. Is that right?

* * *

A. No. I am not saying the step was slick. No, no, I didn't say that.

Q. What are you saying?

A. I am saying that my foot was not on level ground. There was like a wear in the steps, a little indentation or something from being worn.

Q. And is that what you believe caused you to fall.

A. Pardon?

Q. It is that that you believe caused you to fall?

A. I don't know. It certainly had some part in it.

Q. Do you know, as you sit here today, what caused you to fall?

A. No, I cannot say for certain. I am just trying to describe the best that I can. I know you want to hit the nail on the head, and I am trying to do that for you."

Defendant argued that plaintiff could not state what caused her to fall and moved for summary judgment. The trial court granted the motion, and she appeals.

The purpose of summary judgment is not to try an issue of fact but to determine if one exists. (*Frye v. Medicare-Glaser Corp.* (1992), 153 Ill. 2d 26, 31.) A motion for summary judgment should be granted only when the pleadings, depositions, and affidavits reveal there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).) Summary judgment is a drastic means of ending litigation and should be granted only when the right of the moving party is free from doubt. (*Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 271.) In determining whether the moving party is entitled to summary judgment, the court must construe the pleadings, depositions and affidavits strictly against the movant and liberally in favor of the opponent. The court may draw reasonable inferences from the undisputed facts, but where reasonable persons could draw

divergent inferences from the undisputed facts, the issue should be decided by a trier of fact and the motion denied. (*Loyola Academy*, 146 Ill. 2d at 271-72.) In light of this standard, the trial court does not have discretion in granting or denying the motion. (*Loyola Academy*, 146 Ill. 2d at 272; *Quinton v. Kuffer* (1991), 221 Ill. App. 3d 466, 470-71.) While the court may draw inferences from undisputed facts, the court should not grant a motion for summary judgment unless those facts are susceptible of only a single inference, and, if the facts permit more than one conclusion or inference, including one unfavorable to the moving party, a summary judgment should be denied. (*Gardner v. Navistar International Transportation Corp.* (1991), 213 Ill. App. 3d 242, 252; *Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 1017.) While a plaintiff need not prove her case during summary judgment, she must present some evidentiary facts to support the elements of her cause of action. *Gardner*, 213 Ill. App. 3d at 250.

■ To prevail on her claim of negligence, plaintiff had to show that the stairs were unreasonably dangerous and prove that the dangerous condition of the stairs caused her injury. (*Glass v. Morgan Guaranty Trust Co.* (1992), 238 Ill. App. 3d 355, 359.) Stairs by themselves are not unreasonably dangerous; they must have some defect which caused the plaintiff injury. (*Alcorn v. Stepzinski* (1989), 185 Ill. App. 3d 1, 6-7; see *Hartung v. Maple Investment & Development Corp.* (1993), 243 Ill. App. 3d 811, 816; *Tracy v. Village of Lombard* (1983), 116 Ill. App. 3d 563, 569.) Substantially worn marble steps forming an uneven surface can form the basis of liability for negligence. (*Holsman v. Darling State Street Corp.* (1955), 6 Ill. App. 2d 517, 521-22.) However, liability cannot be predicated upon surmise or conjecture as to the cause of the injury (*Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 437), and proximate cause can be established only when there is a reasonable certainty that the defendant's act caused the injury (*Chmielewski v. Kahlfeldt* (1992), 237 Ill. App. 3d 129, 137; *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 817-18).

■ If the plaintiff cannot identify the cause of her fall or can only surmise the cause, a court cannot find the defendant liable in negligence. (*Kimbrough*, 92 Ill. App. 3d at 818.) In *Kimbrough*, the plaintiff testified that she had no idea why she fell when exiting the defendant's store. (92 Ill. App. 3d at 816.) While she did see spots of grease on the floor, she could not say she slipped on them. Thus, she could not prove the condition of defendant's store was the proximate cause of her injury. (92 Ill. App. 3d at 818; see also *Darrough v. Glendale Heights Community Hospital* (1992), 234 Ill. App. 3d 1055, 1061-

62; *Kellman v. Twin Orchard Country Club* (1990), 202 Ill. App. 3d 968, 975.) In *Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 101, the plaintiff could only surmise that the carpet "[m]ust have gone up a little bit that I tripped over it"; she had not seen or felt anything wrong with the carpet. This conjecture was insufficient to establish causation for negligence. 127 Ill. App. 3d at 101.

■ Defendant argues that plaintiff could not say with certainty what caused her to fall and could not point to the defective condition in the photograph of the stairs. Plaintiff cites *Lapidus v. Union Oil Co.* (1989), 181 Ill. App. 3d 116, 119, and *Canzoneri v. Village of Franklin Park* (1987), 161 Ill. App. 3d 33, 39, in which the plaintiffs in their depositions could not be specific as to where they fell, but circumstantial evidence indicated the location of the falls. Here, plaintiff notes that the fall occurred as she put her foot down from the third to the second step near the left side of the stairs. While plaintiff did not see where she put her foot, she felt the step was uneven. During the questioning immediately prior to the excerpted portion of the transcript, plaintiff and defense counsel repeatedly referred to the unevenness as a cause of the fall. Taking the obvious import of her words, plaintiff stated that the worn and unlevel condition was at least a partial cause of her fall. Because we are obliged to draw inferences in favor of the opponent to summary judgment (*Loyola Academy*, 146 Ill. 2d at 271-72; *Alcorn*, 185 Ill. App. 3d at 8), we must accept that plaintiff testified that the worn steps caused her to fall. Defendant cites no authority that a defendant cannot be held liable when it is responsible for only part of the cause of an injury. Thus, a material issue exists regarding defendant's liability, and summary judgment should have been denied.

For the above reasons, the order of the circuit court granting defendant's motion for summary judgment is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and QUETSCH, JJ., concur.