SUZANNE M. GYLLIN *et al.*, Plaintiffs-Appellants, v. COLLEGE CRAFT ENTERPRISES, LTD., Defendant and Third-Party Defendant-Appellee (Jeremy P. Stramaglio, Defendant and Third-Party Defendant; Patrick Stramaglio *et al.*, Third-Party Defendants; R. James Breunlin, Defendant and Third-Party Plaintiff; Marcia L. Breunlin, Third-Party Plaintiff).

Second District  No. 2—93—0270

Opinion filed April 19, 1994.

John M. McGuirk, of Hoscheit & McGuirk, P.C., of St. Charles, for appellants Suzanne M. Gyllin, Nathan Gyllin, Nick Gyllin, and Bert A. Gyllin.

Judson L. Strain, of Juergensmeyer, Strain & Associates, of Elgin, for appellants R. James Breunlin and Marcia L. Breunlin.

Therese S. Seeley, of Cassiday, Schade & Gloor, and Patrick C. Keeley, of Piccione, Keeley & Associates, Ltd., both of Wheaton, and Connelly, Mustes & Schroeder, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The plaintiffs, Suzanne Gyllin, Bert A. Gyllin, and Nathan Gyllin and Nick Gyllin, minors, filed an amended complaint alleging negligence against the defendants, Jeremy P. Stramaglio, R. James Breunlin, and College Craft Enterprises, Ltd., for damages sustained

in an automobile collision. R. James Breunlin and Marcia L. Breunlin, his wife, the third-party plaintiffs, filed an amended third-party complaint alleging negligence against Jeremy P. Stramaglio, Patrick Stramaglio and Christina Stramaglio, his parents, and College Craft, the third-party defendants, for damages arising out of a related collision. After settlements were obtained between the Gyllin plaintiffs and Jeremy Stramaglio and R. James Breunlin, the trial court entered an order dismissing Jeremy Stramaglio and R. James Breunlin from the causes of action asserted by the plaintiffs. Jeremy Stramaglio and his parents were dismissed from the causes of action asserted by the Breunlin third-party plaintiffs after settlements were obtained. The causes of action asserted by the Gyllin plaintiffs and the Breunlin third-party plaintiffs against College Craft were preserved. After a hearing, the trial court granted summary judgment in favor of College Craft on the complaints filed by the Gyllin plaintiffs and the Breunlin third-party plaintiffs. The Gyllin plaintiffs and the Breunlin third-party plaintiffs appealed. This appeal addresses the issue of the propriety of the trial court's order entering summary judgment in favor of College Craft on the Gyllin plaintiffs' complaint and on the Breunlin third-party complaint. For the following reasons, we affirm.

The facts gleaned from the record reveal that Jeremy Stramaglio was employed as a summer painter by College Craft Enterprises, Ltd., in the summer of 1989. On the day of the collision, Stramaglio was working for College Craft and had been applying stain to the exterior of a home in St. Charles, Illinois. During the course of the day, he spilled some stain on his clothing, hands, and arms. It began to rain and Stramaglio left the jobsite wearing the painter's pants and T-shirt supplied by College Craft and possibly some rags in his back pocket. Since it was raining, Stramaglio drove with the windows rolled up. The vehicle did not have air conditioning.

At approximately 3:55 p.m. on July 11, 1989, Suzanne Gyllin was driving a 1977 Lincoln Versailles automobile southbound on Randall Road in Elgin, Illinois. Her minor sons, Nathan and Nicholas Gyllin, and two other minors were passengers in the vehicle. At a point approximately two-tenths of a mile south of Hopps Road, a vehicle travelling north on Randall Road, operated by Jeremy Stramaglio, crossed the center line and collided head-on with the Gyllin vehicle. Shortly after Stramaglio collided with the Gyllins, a vehicle driven by R. James Breunlin struck the Gyllin vehicle from behind.

The Gyllins filed an amended complaint seeking damages against Jeremy Stramaglio, R. James Breunlin, and College Craft Enterprises, Ltd. The Breunlins filed an amended third-party complaint against

Jeremy Stramaglio and his parents and against College Craft. Since the Gyllin plaintiffs settled with Jeremy Stramaglio and R. James Breunlin, and the Breunlin third-party plaintiffs settled with the Stramaglios, this appeal solely concerns the alleged negligence of College Craft.

The Gyllin plaintiffs and the Breunlin third-party plaintiffs assert that the fumes from the spilled stain overcame Stramaglio and caused him to drift into oncoming traffic. Both the Gyllin plaintiffs' complaint and the Breunlin third-party complaint alleged that College Craft had a duty to prevent its employees, including Jeremy Stramaglio, from causing harm to other persons, such as themselves, and that College Craft breached this duty in each of the following respects:

(1) Failing to warn Stramaglio of the effects of the inhalation of vapors produced by Sherwin Williams Alkyd Wood Preservative Stain, which contained hazardous ingredients including mineral spirits and ethylene glycol, which effects included drowsiness, dizziness, loss of coordination, unconsciousness, and possibly death;

(2) Failing to exercise ordinary care in instructing Stramaglio in the use of Sherwin Williams Alkyd Wood Preservative Stain;

(3) Failing to provide adequate training to Stramaglio with respect to the measures available to him to protect himself and the hazards in the use of Sherwin Williams Alkyd Wood Preservative Stain;

(4) Failing to provide Stramaglio with sufficient details of its hazard communication program and instruction with respect to the use of appropriate hazard information;

(5) Failing to adequately provide Stramaglio with material safety data sheets with respect to Sherwin Williams Alkyd Wood Preservative Stain as required by regulations established by the "Toxic Substances Disclosure to Employee Act" and the regulations established by the Federal Occupational, Safety and Health Administration (OSHA);

(6) Failing to provide Stramaglio with a safe place to work;

(7) Failing to provide Stramaglio with adequate training with regard to the use of protective clothing and the discarding of clothing contaminated with Sherwin Williams Alkyd Wood Preservative Stain, as required by the "Toxic Substances Disclosure to Employee Act" and the regulations established by OSHA; and

(8) Failing to provide proper and sufficient protective devices to Stramaglio for his use and protection in working with the Sherwin Williams Alkyd Wood Preservative Stain as required by regulations established by OSHA.

College Craft responded by filing a motion for summary judgment. The motion asserted that the theory that Stramaglio was overcome by vapors from spilled stain is mere speculation and cannot support a cause of action for negligence. Stramaglio has no recollection of the collision and did not testify that he experienced physical effects from the stain. Even if Stramaglio did inhale vapors from the stain, there was insufficient evidence that it had a physiological effect which caused him to cross the center line and collide with the Gyllin vehicle. The motion further asserted that there is insufficient evidence to support a finding that College Craft owed a duty to the plaintiffs or that a breach of any duty alleged to be due and owing to the plaintiffs proximately caused their damages.

On February 5, 1993, the trial court granted College Craft's motion for summary judgment as to the Gyllin plaintiffs and the Breunlin third-party plaintiffs on the basis that "there is no genuine issue of fact as to the issue of proximate cause." The court specifically found that College Craft had a duty to train its employees in the use of stain and to warn them of the possible consequences of inhaling fumes produced by the product. The court noted that the issue of proximate cause is normally one of fact to be decided by the trier of fact. However, the court specifically stated that the plaintiffs failed to present sufficient facts to support a conclusion that College Craft's failure to train and warn Stramaglio in the use of the stain was a proximate cause of the collision. Both the Gyllin plaintiffs and the Breunlin third-party plaintiffs filed timely notices of appeal asserting that the order entering summary judgment in favor of College Craft was improper. As the Breunlin third-party plaintiffs have adopted the briefs filed by the Gyllin plaintiffs, we will refer to these parties jointly as the plaintiffs.

The purpose of summary judgment is not to try an issue of fact, but to determine whether any triable issues of fact exist. (*Chmielewski v. Kahlfeldt* (1992), 237 Ill. App. 3d 129, 137.) While a plaintiff need not prove the case at the summary judgment stage, enough evidence must be presented to create a genuine issue of material fact. *Atwood v. Warner Electric Brake & Clutch Co.* (1992), 239 Ill. App. 3d 81, 90.

In their complaints, the plaintiffs have alleged negligence on the part of College Craft. To properly state a cause of action for negligence, the plaintiff must establish that the defendant owed a duty of care, that the defendant breached this duty, and that the plaintiff incurred injuries proximately caused by the breach. (*Wojdyla v. City of Park Ridge* (1992), 148 Ill. 2d 417, 421.) To survive a motion for summary judgment in a negligence case, the plaintiff must present some factual basis in support of each element of the

cause of action, including proximate cause. (See *Sanchez v. Firestone Tire & Rubber Co.* (1992), 237 Ill. App. 3d 872, 873.) A trial court should grant a motion for summary judgment when the pleadings, depositions, admissions and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992); *In re Estate of Herwig* (1992), 237 Ill. App. 3d 737, 741.) In reviewing the propriety of summary judgment, the appellate court does not defer to the judgment of the trial court. Rather, the appellate court applies the *de novo* standard of review and determines the existence of a genuine issue of material fact by considering anew the facts and law relating to the case. *Green v. International Insurance Co.* (1992), 238 Ill. App. 3d 929, 934; *Herwig*, 237 Ill. App. 3d at 741-42.

The plaintiffs contend that College Craft was negligent in failing to train Stramaglio in the use of the stain and in failing to warn Stramaglio of the hazards associated with inhaling toxic vapors produced by the stain. It is their contention that if College Craft complied with these duties, the collision which resulted in their injuries would not have occurred. On appeal, the plaintiffs contend that summary judgment should not have been entered in favor of College Craft because a genuine issue of material fact remained concerning the issue of proximate cause.

The issue of the existence of proximate cause is one of fact which is normally determined by the trier of fact. However, at the summary judgment stage, the plaintiff must present affirmative and positive evidence that a defendant's negligence was arguably a proximate cause of the plaintiff's injuries. (*Wilson v. Bell Fuels, Inc.* (1991), 214 Ill. App. 3d 868, 872-73.) The existence of proximate cause cannot be established by speculation, surmise, or conjecture. (*Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 437.) When the material facts are undisputed and there can be no reasonable difference in judgment as to the inferences drawn from the facts, and there has been no affirmative showing of proximate cause, a plaintiff has failed to establish a genuine issue of material fact. At this point, the issue of proximate cause is a question of law, and summary judgment is proper as a matter of law. *Chmielewski*, 237 Ill. App. 3d at 137; *Wilson*, 214 Ill. App. 3d at 873.

Jeremy Stramaglio does not know what caused him to cross the center line and cannot recall any specific facts concerning the collision. He testified in his deposition that he recalls driving in his own lane and waking up in the hospital one week later. When questioned whether he experienced a blackout prior to impact, Stramaglio responded, "I don't know if I blacked out or not. I don't know

what happened." In regard to the stain, the following discourse took place during Stramaglio's deposition:

"Q. Did you notice anything unusual about the fumes from the paint or the stain?

A. [by Stramaglio]: They smelled.

Q. Did the smell affect you in any way?

A. Affect me physically?

Q. Yes.

A. No, just a bad smell."

The sole evidence that Stramaglio was overcome by vapors exists in an article concerning the collision published in St. Joseph's Hospital's "Health Beat." The article states, "To this day, Jeremy [Stramaglio] remembers nothing about the accident. After rolling up the windows, the fumes from the spilled stain overcame him and he passed out." Stramaglio testified in his deposition that he informed the author that, although he has no recollection of the collision, he believes the fumes from spilled stain overcame him because he was not tired or sleepy, he had a lot of paint on his body and on his clothes, the windows were rolled up, and the smell was inside of the car. However, no tests were performed on Stramaglio following the collision to evaluate the level of toxicity in his body.

Jeffrey Channon was working for College Craft with Stramaglio on the day of the collision and witnessed the collision. Channon testified in his deposition that he did not observe Stramaglio spill stain during the course of the day. Stramaglio did not complain to Channon that he was dizzy or tired. Channon and Stramaglio departed from the jobsite when it began to rain. Channon was travelling in his own vehicle 100 yards behind Stramaglio prior to the collision. Channon stated the road where the collision occurred curves to the east for passengers travelling north. He observed Stramaglio gradually cross over the center line and collide head on with the Gyllin vehicle "as though the road went straight or as though he was driving on a straight road when the curve came." Prior to the collision, Channon did not notice anything unusual about Stramaglio's driving and testified that Stramaglio negotiated other curves without any problems. Prior to impact, Channon estimated the speed of his vehicle and Stramaglio's vehicle was 45 to 50 miles per hour. He testified that he did not hear any horns sound prior to impact, he did not hear screeching or squealing of brakes, and he did not observe any brake lights. After the collision, Channon pulled over to determine if the occupants of the vehicles were hurt. Channon testified that Stramaglio was conscious at this time but that "he didn't know [what happened]."

The plaintiffs assert that circumstantial evidence is sufficient to prove a negligence case. In *Mort v. Walter* (1983), 98 Ill. 2d 391, cited by the plaintiffs, the four-year-old plaintiff was struck by the defendant's automobile. The defendant did not observe the plaintiff prior to impact, as the first indication she had of the plaintiff's presence was when she heard a "thump" at the rear of her automobile. The supreme court addressed the propriety of the directed verdict in the defendant's favor. As in this case, the record did not contain any direct evidence as to how the accident occurred. The only circumstantial evidence that would support the plaintiff's theory of negligence was the existence of the collision itself. Although the court indicated that this fact, in and of itself, is ordinarily insufficient to raise an inference of negligence, it determined that the circumstances of the case were such that the jury could reasonably conclude the plaintiff should have been aware of the presence of the young child standing near the roadway in plain view. The court imputed knowledge of the plaintiff's presence to the defendant since the defendant should have realized the danger of her actions through the exercise of reasonable precaution and circumspection. (*Mort*, 98 Ill. 2d at 397.) Regarding circumstantial evidence, the court stated as follows:

"Negligence may be established by using either direct or circumstantial evidence [citations] and, contrary to defendant's assertion, the use of circumstantial evidence is not limited to those instances in which the circumstances support only one logical conclusion. Instead, circumstantial evidence will suffice whenever an inference may reasonably be drawn therefrom [citations], and the facts established by such inferences are considered when an issue is decided as a matter of law or a verdict is directed." *Mort*, 98 Ill. 2d at 396-97.

We agree with *Mort*, and with similar cases cited by the plaintiffs, which indicate that causation need not be always established by direct evidence. (See *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184; *Wright v. Stech* (1972), 7 Ill. App. 3d 1068.) However, these cases also establish that circumstantial evidence will suffice when causation is established "by facts and circumstances which, *in the light of ordinary experience, reasonably suggest* that the defendant's negligence operated to produce the injury." (Emphasis added.) (*Wright*, 7 Ill. App. 3d at 1070.) In *Mort*, the court's conclusion that there was sufficient evidence of the defendant's negligence was based, in part, on an inference that the defendant should have seen the plaintiff standing by the roadway if she was complying with her duty of due care. This was a reasonable inference drawn from the facts.

The instant case presents a more complex factual scenario. To support a claim of negligence against College Craft, the plaintiffs must affirmatively show that College Craft's breach of its duty to train Stramaglio in the use of the stain and warn him of the effects of inhaling vapors was a proximate cause of the plaintiffs' injuries sustained in the collision. To prevail at the summary judgment stage, the plaintiffs were required to produce some evidence of the cause of the collision in which they were injured. The plaintiffs have shown that Stramaglio crossed the center line into the path of the Gyllin vehicle. However, they have not shown that any negligence on the part of College Craft was a reasonably certain proximate cause of the collision. While circumstantial evidence is sometimes acceptable to prove causation, liability cannot be based on mere speculation, guess, or conjecture. The circumstances must justify a reasonable inference of probability of negligence, as distinguished from mere possibility. See *Bellerive v. Hilton Hotels Corp.* (1993), 245 Ill. App. 3d 933, 936; *Wilson*, 214 Ill. App. 3d at 875.

In *Chmielewski v. Kahlfeldt*, the plaintiff filed a complaint sounding in negligence for injuries sustained after the plaintiff fell on stairs located on the property of the defendants while being chased by the dog. The defendants moved for summary judgment on the basis that the stairs were not the proximate cause of the plaintiff's injuries. The plaintiff's mother testified that she observed the plaintiff "stumble" when the dog jumped on him and that there was loose gravel on the stairs and no handrails. As in this case, the plaintiff testified that he did not know why he fell on the stairs. In light of this statement, the court indicated that plaintiff could not establish that a defect caused him to fall. According to the *Chmielewski* court, "[l]iability cannot be predicated upon surmise or conjecture as to the cause of the injury, [and] proximate cause can only be established where there is a reasonable certainty that defendants' acts caused the injury." *Chmielewski*, 237 Ill. App. 3d at 137; accord *Bellerive*, 245 Ill. App. 3d 933.

In this case, there is no affirmative evidence that Stramaglio did not know to take certain precautions with regard to the stain he was using, as there is no evidence that the stain caused him to experience illness associated with central nervous system depression. Contrary to *Mort*, an inference that the collision would not have occurred if College Craft had complied with its duty is insufficient to support the plaintiffs' claim of negligence. In his deposition, Stramaglio expressly denied that he experienced any physical impairment from inhaling vapors. The only affirmative evidence in support of this theory lies in Stramaglio's statements to the author of the article in "Health Beat"

that he believes the vapors overcame him because he was not tired or sleepy, he had a lot of paint on his body and on his clothes, the windows were rolled up, and the smell was inside of the car.

As stated in *Chmielewski*, the element of proximate cause is established only when the defendant's conduct is shown with reasonable certainty to have caused the plaintiff's injury. (*Chmielewski*, 237 Ill. App. 3d at 137.) The plaintiffs contend that expert testimony by Dr. John Spikes, a forensic toxicologist, establishes the existence of a genuine issue of material fact concerning proximate cause. Dr. Spikes testified that hydrocarbon vapors contained in the stain Stramaglio was using on the day of the collision can be toxic and can cause central nervous system depression if inhaled. Central nervous system depression can cause symptoms such as sleepiness, dizziness, and numbness which are "[v]ery much like an individual who had consumed an excessive amount of alcohol." The physical effects experienced due to central nervous system depression range from impairment of judgment to death. Spikes testified that mineral spirits begin to act as a central nervous system depressant with minimum exposure and that the degree of exposure necessary to cause impairment varies between individuals. Spikes could not estimate at what concentration the stain used by Stramaglio on the day of the collision would begin to produce central nervous system depression or that this condition did, in fact, occur. Nevertheless, Spikes opined that the circumstances of the case, namely, that (1) Stramaglio indicated he spilled a large amount of stain; (2) the windows were rolled up; and (3) the temperature inside of the vehicle was such that volatilization of the compounds would readily occur, were consistent with the inhalation of a concentration of mineral spirits or hydrocarbons sufficient to impair Stramaglio's driving abilities.

The plaintiffs admit that the deposition testimony of Spikes does not provide concrete evidence that Stramaglio crossed the center line because he experienced an impairment due to the inhalation of toxic vapors produced by the stain. Nevertheless, the plaintiffs contend that the deposition testimony provides sufficient circumstantial evidence in support of their claim of negligence to withstand the motion for summary judgment.

An expert's opinion is only as valid as the bases and reasons for the opinion. When there is no factual support for an expert's conclusions, his conclusions alone do not create a question of fact. (*Wilson*, 214 Ill. App. 3d at 875-76.) In *Wilson v. Bell Fuels, Inc.*, the plaintiff filed a complaint alleging negligence against the driver of a small boat when he fell out of the boat while attempting to tie the boat to the dock. As in this case, the plaintiff had no recollection of

the fall and could not explain the circumstances which caused him to fall. There were no eyewitnesses to the fall. The plaintiffs attempted to show, through the testimony of an accident reconstruction expert, that the defendant's negligence in driving the boat was the proximate cause of the fall. Although the expert opined that the plaintiff's bodily motion was consistent with an unexpected deceleration of the boat, the record was devoid of any evidence that the boat came into contact with the dock or that any sudden change in direction or speed occurred. (*Wilson*, 214 Ill. App. 3d at 875.) The trial court's order entering summary judgment for the defendant was affirmed on the basis that the plaintiff failed to present sufficient evidence on the issue of proximate cause.

In this case, Stramaglio expressly denied experiencing any physical impairment due to inhalation of the stain. Thus, the opinion of Dr. Spikes that Stramaglio *could have* experienced a physical impairment due to the inhalation of toxic vapors is mere conjecture and is not based on concrete facts. Consistent with *Wilson* and the case law upon which it relies, the plaintiffs have failed to present sufficient factual support for their claim that College Craft's breach of its duty to train Stramaglio in the use of the stain, and to warn him of its hazardous effects, was a proximate cause of the plaintiffs' injuries. We determine that the pleadings, depositions, admissions, and affidavits presented in this case do not create a genuine issue of material fact concerning the existence of proximate cause as to College Craft.

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.

GEIGER and PECCARELLI, JJ., concur.