GEORGE L. JARKE, Plaintiff-Appellee, v. JACKSON PRODUCTS, INC., Defendant-Appellant.

First District (2nd Division)    No. 1—95—3224

Opinion filed June 25, 1996.

294 Illinois Appellate Court

Gallop, Johnson & Neuman, L.C., of St. Louis (Cawood K. Bebout and Kurtis B. Reeg, of counsel), for appellant.

Robert D. Kolar & Associates, Ltd., of Chicago (Robert D. Kolar and John R. Fanone, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

This case has previously been before this court, on which occasion we reversed the trial court's improper granting of defendant's motion for summary judgment and remanded the case for trial on the issue of whether the allegedly defective design of the welding helmet worn by plaintiff more easily enabled welding slag to fall into his ear. See *Jarke v. Jackson Products*, 258 Ill. App. 3d 718, 724, 631 N.E.2d 233, 237 (1994).

Upon remand, a jury returned a verdict upholding plaintiff George L. Jarke in this product liability claim. Defendant Jackson Products, Inc., the manufacturer of the helmet, appeals, claiming that: (1) plaintiff's expert testified beyond the scope of his previously disclosed opinions in violation of Supreme Court Rule 220 (134 Ill. 2d R. 220); (2) the jury should have been given defendant's proposed "cautionary instruction"; and (3) the verdict was against the manifest weight of the evidence.

Immediately prior to trial, defendant moved *in limine* to bar plaintiff's expert, Dr. Stanley Weiss, from testifying that he believed that the design of the helmet caused molten metal to travel in a channel above the visor and into plaintiff's ear, causing him severe injury. It claimed that this opinion had not been disclosed in any of his pretrial discovery opinions, relying only upon the helmet's "contour" as the alleged design defect, and that it had learned of his reliance on his channel theory only "two or three days" before trial. The trial judge observed that the ridge above the visor was obvious, concluded that the defendant knew about it, and permitted Dr. Weiss

to render his opinion at trial. On appeal, defendant complains that Dr. Weiss was permitted to give a previously undisclosed opinion in violation of Supreme Court Rule 220.

Plaintiff responds that defendant waived this issue because it did not object to Dr. Weiss's opinion when it was offered at trial. See *Green v. Union Pacific R.R. Co.*, 269 Ill. App. 3d 1075, 1087, 647 N.E.2d 1092, 1100 (1995) (holding that "[t]o preserve a claim of error in denying a motion *in limine*, counsel must also make a contemporaneous objection at the time the offending evidence is offered or statement is made"). However, defendant submits that his having made a motion *in limine* preserved the issue for appeal. See *Exchange National Bank v. DeGraff*, 110 Ill. App. 3d 145, 441 N.E.2d 1197 (1982) (finding that plaintiff had not waived review of the trial court's admission of evidence because it had made a motion *in limine* to exclude that evidence).

■ These authorities are in obvious conflict regarding whether a party's failure to make an objection contemporaneously with the admission of testimony which had been the subject of a denied motion *in limine* precludes him from appealing the denial of his motion. In any event, assuming, without deciding, that defendant should have objected to Dr. Weiss's testimony at the time it was offered, the record is clear that the court was well aware of defendant's objection to Dr. Weiss's testimony. Accordingly, we hold that defendant's written pretrial motion *in limine*, and his belated objection (made during trial but after Dr. Weiss had concluded his testimony), were sufficient to preserve this issue for our review.

Supreme Court Rule 220 limits the scope of an expert witness's testimony as follows:

"To the extent that the facts known or opinions held by an expert have been developed in discovery proceedings through interrogatories, depositions or requests to produce, his direct testimony at trial may not be inconsistent with nor go beyond the fair scope of the facts known or opinions disclosed in such discovery proceedings. However, he shall not be prevented from testifying as to facts or opinions on matters regarding which inquiry was not made in the discovery proceedings." 134 Ill. 2d R. 220(d).

The parties disagree as to whether the trial judge may exercise discretion in deciding whether to disqualify an expert witness in cases where this rule is violated. Defendant refers this court to *Marshall v. Taylor-Wharton Co.*, wherein the court recognized that the cases have not been uniform on this issue. *Marshall v. Taylor-Wharton Co.*, 234 Ill. App. 3d 596, 608, 599 N.E.2d 1015, 1021 (1992),

*appeal denied*, 147 Ill. 2d 628, 606 N.E.2d 1228 (1992). The *Marshall* court adopted Justice Jiganti's view, as expressed in *Kosinski v. Inland Steel Co.*, 192 Ill. App. 3d 1017, 1029, 549 N.E.2d 784 (1989) (Jiganti, P.J., specially concurring), and concluded that a trial judge's discretion was "severely limited" by the wording of Rule 220 and that such discretion should be exercised only where the facts showed that disqualification of the expert would create "manifest injustice." *Marshall*, 234 Ill. App. 3d at 608, 599 N.E.2d at 1021.

■ Defendant urges that this court should follow *Marshall*. We disagree, for we believe the trial judge's discretion under Rule 220 to be "broad" and should not be disturbed absent "a clear showing of an abuse of that discretion." *Zajac v. St. Mary of Nazareth Hospital Center*, 212 Ill. App. 3d 779, 794, 571 N.E.2d 840, 849 (1991); *Huelsmann v. Berkowitz*, 210 Ill. App. 3d 806, 810, 568 N.E.2d 1373 (1991); *Caruso v. Pine Manor Nursing Center*, 182 Ill. App. 3d 879, 883, 538 N.E.2d 722 (1989). We shall proceed accordingly.

■ Next, plaintiff denies that Dr. Weiss's trial opinion violated Supreme Court Rule 220. We note that Dr. Weiss never mentioned "the ridge above the visor" in any of the pretrial discovery proceedings conducted prior to the week immediately before trial. However, we are not persuaded by plaintiff's argument that defendant's deposition questions were insufficient to elicit Dr. Weiss's reliance on the channeling effect of the visor merely because the magic question, "which contour?" was not asked. (See footnote 1 of this opinion.) During Dr. Weiss's deposition, defendant asked him to explain both the basis for his opinion that "the contour of the helmet directed the metal splash along the edge of the helmet or along the face of the helmet, to the very edge, and into the ear canal," and also how he determined that the helmet's contour would cause that to happen. "[T]hat's the way I believe it would go," is fairly typical of his answers, none of which succeeded in articulating that his reason was that the channelling effect of the ridge above the visor would cause the metal to travel in such a fashion.

Defendant asserts that, on these facts, Rule 220(b)(1) mandated the complete bar of Dr. Weiss's testimony. See 134 Ill. 2d R. 220(b)(1) (stating that "[f]ailure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness"). However, we disagree that Dr. Weiss should have been automatically barred from giving any testimony in this case because plaintiff did disclose the fact that Dr. Weiss would render his expert opinion at trial and because his deposition testimony, although somewhat delphic, shows that he also disclosed his belief that the contour of the helmet directed molten metal into plaintiff's ears.

■ The proper inquiry is whether Dr. Weiss's testimony "went beyond the fair scope" of his previously disclosed opinions and whether the trial judge abused his discretion in permitting Dr. Weiss's testimony. "In determining whether to allow or exclude the expert testimony, the circuit court may consider the following factors: surprise to the adverse party, the prejudicial effect of the testimony, the nature of the testimony, the diligence of the adverse party, the timely objection to the testimony, and the good faith of the party calling the witness. [Citation.]" *Huelsmann v. Berkowitz*, 210 Ill. App. 3d 806, 810, 568 N.E.2d 1373, 1376 (1991).

■ First, we agree with the trial judge's observation that the fact that the helmet contained a ridge with open ends above the eyepiece was obvious upon its inspection. Further, "the contour" of an object may be defined as its "shape, form" or as "the individual features or the order or arrangement of features of anything having discernable and *** complex structure." Webster's Third New International Dictionary 494 (1986). Accordingly, we find it difficult to conclude that Dr. Weiss's reliance at trial on the visor's *ridge* differed from his deposition opinion's reliance upon the *contour* of the helmet significantly enough to be said to have exceeded the "fair scope" of his previously disclosed opinion or to have surprised defendant in any material way.

We further fail to discern how defendant was prejudiced. See *Glassman v. St. Joseph Hospital*, 259 Ill. App. 3d 730, 759, 631 N.E.2d 1186, 1206 (1994) (finding reversal appropriate only where defendant has been prejudiced by the testimony), *appeal denied*, 157 Ill. 2d 499, 642 N.E.2d 1278 (1994). Defendant conceded that plaintiff's reliance on the ridge above the eyepiece was called to its attention several days prior to trial.[1] Defendant thoroughly cross-examined Dr. Weiss regarding his trial opinion, its basis, and its perceived deviation from

---

[1] The record reflects that defendant admitted at trial that it had learned several days prior to trial that Dr. Weiss would rely upon the ridge above the visor. However, how it obtained this information is apparently "in dispute."

Plaintiff's attorney has submitted an affidavit with his brief stating that during the week preceding trial, defendant called and asked him "which contour" Dr. Weiss would claim rendered the helmet defective. At oral argument before this court, defendant commented that who initiated the phone call was "in dispute" and suggested that plaintiff had made the call to inform it that Dr. Weiss had adopted "a whole new theory" regarding the helmet's allegedly defective condition.

It was defendant's burden, as appellant, to ensure that the record on appeal revealed all facts it claims support its assignments of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 459 N.E.2d 958 (1984). Having failed to satisfy

his prior opinions. Despite defendant's impeachment efforts, the jury chose to accept Dr. Weiss's expert opinion. Moreover, defendant also presented expert testimony directly discrediting plaintiff's visor channel theory. We also observe that the jury was permitted to examine the helmet during its deliberations.

Accordingly, we cannot agree that the trial judge abused his discretion in admitting Dr. Weiss's testimony.

While deliberating, the jury submitted two questions to the judge, one of which was whether it could consider the fact that the helmet did not cover the ear as a design flaw in the helmet. Defendant requested that the trial judge give the jury its "cautionary instruction," which charged as follows:

"The fact that the welding helmet did not cover Jarke's ears or did not prevent spatter from entering his ear is not enough to render the helmet unreasonably dangerous.

Under the law of Illinois, Jarke must prove that some condition of the helmet affirmatively caused the spatter to enter his ear.

It's not sufficient for him to prove only that the helmet did not prevent that from happening.

I instruct that you must find against Mr. Jarke and in favor of Jackson Products if the only condition of the helmet upon which you can base your verdict is that the helmet did not cover Jarke's ears."

The trial judge rejected defendant's proposed instruction and told the jurors that he could not answer their questions; he could only refer them to the written instructions. Defendant maintains that the jury's question established that it was confused regarding a point of law,[2] and accordingly, the trial judge was obligated to give additional instructions.

However, our supreme court has held:

"In a civil case, it is within the discretion of the trial court to al-

---

that burden, we must disregard both parties' versions of the disputed phone call.

Plaintiff has moved to supplement the record by including his affidavit, which motion was taken with the case; we hereby deny it and grant defendant's request to strike plaintiff's affidavit because it was not filed with the trial court and it is not, of course, a part of the record on appeal. *Kazubowski v. Kazubowski*, 45 Ill. 2d 405, 415, 259 N.E.2d 282 (1970).

[2]The court held in *Jarke I* that the helmet's failure to cover the wearer's ears could not, as a matter of law, render it unreasonably dangerous because this feature was open and obvious. *Jarke v. Jackson Products*, 258 Ill. App. 3d 718, 724, 631 N.E.2d 233, 237 (1994).

low or refuse a jury's request for clarification of instructions. [Citation.] Having correctly instructed the jury, it is not error for the trial judge to leave standing the original instructions. [Citation.] However the trial court's discretion gives way to a duty to respond where the original instructions are incomplete and the jurors are clearly confused. [Citation.]" *Kingston v. Turner*, 115 Ill. 2d 445, 463, 505 N.E.2d 320, 328 (1987).

In this case, the jury was charged, *inter alia*, as follows:

"The plaintiff claims that he was injured while using the welding helmet and that there existed in the welding helmet at the time it left the control of the defendant a condition which made the welding helmet unreasonably dangerous in one or more of the following respects: The design of the helmet channeled molten metal hitting the front of the helmet towards plaintiff's ear.

The plaintiff further claims that the foregoing was a proximate cause of his injuries."

■ This charge clearly instructed the jury that the defect alleged by plaintiff was that the helmet's design channeled molten metal towards his ear and that a verdict in his favor could be returned only if this defect had caused his injury. These instructions were not incomplete and the jury's question did not obligate the judge to provide additional clarification.

We find no abuse of discretion in the trial judge's rejection of defendant's "cautionary instruction," in his refusal to answer the jury's question, or in his directive to the jury to refer to the written instructions. See *Kingston*, 115 Ill. 2d at 463.

■ Defendant's final contention is that the jury's verdict was against the manifest weight of the evidence. "A verdict is said to be against the manifest weight of the evidence where it is palpably erroneous and wholly unwarranted [citation], is clearly the result of passion or prejudice [citation], or appears to be arbitrary, unreasonable, and not based upon the evidence. [Citations.]" *Hulman v. Evanston Hospital Corp.*, 259 Ill. App. 3d 133, 150, 631 N.E.2d 322, 333 (1994). "The inquiry on appeal is whether the result reached below was one which is reasonable on the facts in evidence, not whether other conclusions might also have been reached. [Citation.]" *Lynch v. Board of Education of Collinsville Community Unit District No. 10*, 82 Ill. 2d 415, 423, 412 N.E.2d 447, 454 (1980).

Defendant states that an expert's opinion cannot be based upon mere conjecture and guess, and alleges that Dr. Weiss had no factual support for his opinions. *Gyllin v. College Craft Enterprises, Ltd.*, 260 Ill. App. 3d 707, 715, 633 N.E.2d 111 (1994); *Schultz v. Hennessy Industries, Inc.*, 222 Ill. App. 3d 532, 584 N.E.2d 235 (1991); *Dyback v. Weber*, 114 Ill. 2d 232, 500 N.E.2d 8 (1986). Although we agree with

defendant's statement of the law, we do not concur in its assessment of Dr. Weiss's testimony.

Notwithstanding the fact that Dr. Weiss's opinion was premised upon his belief that molten metal must have landed in the ridge over the visor, we do not find his opinion to be based upon conjecture or guess. Upon defendant's suggestion that his opinion was based upon assumptions not in evidence, Dr. Weiss responded: "I am not assuming it because I know the nature of the way the molten metal is ejected from a process such as this. It's not usually there is one little piece hitting the glass. I mean it is a big blob that can break into other ones as well as other small ones that are coming. I have no doubt that a piece of molten metal wound up in that crevice." Upon review of Dr. Weiss's testimony, we cannot conclude that his opinions were so devoid of content as to render them incapable of supporting the jury's verdict.

Because no witness testified to having seen the molten metal enter plaintiff's ear, defendant claims "[h]ow it got there is anyone's *guess*" and challenges the use of circumstantial evidence to support the jury's verdict, citing *Royal Elm Nursing & Convalescent Center, Inc. v. Northern Illinois Gas Co.*, 172 Ill. App. 3d 74, 79, 526 N.E.2d 376, 379 (1988) (stating that "[a]lthough circumstantial evidence will generally suffice whenever an inference may reasonably be drawn from it [citation], the existence of a fact may not be inferred from the evidence when the existence of another fact inconsistent with the first can be inferred with equal certainty from the same evidence"), *appeal denied*, 123 Ill. 2d 566, 535 N.E.2d 410 (1988). Plaintiff responds that "circumstantial evidence will suffice whenever an inference may reasonably be drawn therefrom." *Mort v. Walter*, 98 Ill. 2d 391, 396, 457 N.E.2d 18 (1983).

Defendant's assertion that Dr. Weiss's opinion constituted a "guess" is merely the opinion of its own expert, Russell Marhefka. While Marhefka opined that "anything under the sun" was possible, Dr. Weiss testified otherwise. While defendant uses its expert's opinion to urge us to conclude that Dr. Weiss's opinion is so unsatisfactory that it cannot support a verdict, it is not our role on appeal to reweigh the evidence and determine questions of fact which were within the jury's province to decide. *Maple v. Gustafson*, 151 Ill. 2d 445, 603 N.E.2d 508 (1992). The task of resolving conflicting experts' opinions is one for the jury. *Dabros v. Wang*, 243 Ill. App. 3d 259, 611 N.E.2d 1113 (1993), *appeal denied*, 151 Ill. 2d 562, 616 N.E.2d 332 (1993). Consequently, we are obliged to hold that the jury's verdict is not against the manifest weight of the evidence.

For all of the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

HARTMAN, P.J., and BURKE, J., concur.